**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 2 2 2011 ★

**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

NEXT MILLENIUM REALTY, LLC, and
101 FROST STREET ASSOCIATES,

                Plaintiffs,

    -against-

ADCHEM CORP.; LINCOLN PROCESSING CORP.;
NORTHERN STATE REALTY CORP.; NORTHERN
STATE REALTY CO.; PUFAHL REALTY CORP.;
AUTOLINE AUTOMOTIVE CORP.; US-1 MARKETING
GROUP INC., individually and as successor to COBRALINE
MANUFACTURING CORP.; COBRALINE
MANUFACTURING CORP.; VERIZON NEW YORK, INC.,
individually and as successor to GTE OPERATIONS
SUPPORT INCORPORATED, GTE CORPORATION, GTE
SYLVANIA INCORPORATED, SYLVANIA ELECTRIC
PRODUCTS INCORPORATED, VERIZON INC., VERIZON
COMMUNICATIONS, INC. and GENERAL TELEPHONE
AND ELECTRONIC CORP.; VERIZON INC., individually and
as successor to GTE OPERATIONS SUPPORT
INCORPORATED, GTE CORPORATION, GTE SYLVANIA
INCORPORATED, SYLVANIA ELECTRIC PRODUCTS
INCORPORATED, VERIZON NEW YORK INC., VERIZON
COMMUNICATIONS, INC. and GENERAL TELEPHONE
AND ELECTRONIC CORP.; VERIZON
COMMUNICATIONS INC., individually and as successor to
GTE OPERATIONS SUPPORT INCORPORATED, GTE
CORPORATION, GTE SYLVANIA INCORPORATED,
SYLVANIA ELECTRIC PRODUCTS INCORPORATED,
VERIZON INC., VERIZON NEW YORK, INC. and
GENERAL TELEPHONE AND ELECTRONIC CORP.; GTE
OPERATIONS SUPPORT INCORPORATED, individually and
as successor to GTE CORPORATION, GTE SYLVANIA
INCORPORATED and SYLVANIA ELECTRIC PRODUCTS
INCORPORATED; VISHAY INTERTECHNOLOGY, INC.,
individually and as successor to VISHAY GENERAL
SEMICONDUCTOR, INC., GENERAL SEMICONDUCTOR,
INC. and GENERAL INSTRUMENTS CORPORATION;
VISHAY GENERAL SEMICONDUCTOR, INC., individually
and as successor to GENERAL SEMICONDUCTOR, INC. and
GENERAL INSTRUMENTS CORPORATION; GENERAL
SEMICONDUCTOR, INC.; VISHAY MIC TECHNOLOGY,
INC., individually and as successor to GENERAL
SEMICONDUCTOR, INC., and GENERAL INSTRUMENTS
CORPORATION; GENERAL INSTRUMENTS
CORPORATION; and SULZER METCO (US) INC.,

                Defendants.
--------------------------------------------------------------------X

**ORDER**
**CV-03-5985(SJF)(ARL)**

```
-----------------------------------------------------------------------------X
```
STATE OF NEW YORK and ALEXANDER B.
GRANNIS, as Commissioner of the New York
State Department of Environmental Conservation,

               Plaintiffs,

                                             CV-06-1133(SJF)(ARL)

     -against-

NEXT MILLENNIUM REALTY, LLC; 101 FROST STREET
ASSOCIATES; 101 FROST STREET CORPORATION;
ALAN EIDLER, PAMELA SPIEGEL SANDERS and LISE
SPIEGEL WILKS, as co-executors of the Last Wills and
Testaments of, and duly authorized administrators of the Estates
of, defendants EMILY SPIEGEL and JERRY SPIEGEL;
UTILITY MANUFACTURING CO., INC.; NEST EQUITIES,
INC., AUDIE KRANZ, WILBUR KRANZ; ARKWIN
INDUSTRIES, INC.; WILLIAM MAGLIO and FRANK
JACOBSON, as co-executors of the Last Will and Testament of,
and duly authorized administrators of the Estate of, defendant
DANIEL BERLIN; THOMAS MALLOY [sic]; TISHCON
CORP. a/k/a TISHCON CORPORATION; KAMAL CHOPRA;
JOE ELBAZ; C&O REALTY CO.; WILLIAM GROSS;
EQUITY SHARE I ASSOCIATES; GRAND MACHINERY,
INC. [sic]; PAUL MERANDI; IMC EASTERN
CORPORATION, f/k/a IMC MAGNETICS CORP.; NMB
(USA) INC.; 2632 REALTY CORPORATION; ISLAND
TRANSPORTATION CORPORATION; SCIBELLI
BROTHERS, INC., a/k/a SCIBELLI AUTOMOTIVE, INC.;
JOSEPH SCIBELLI; ATLAS GRAPHICS INC.; H.D.P.
PRINTING INDUSTRIES CORP.; SAM-TON SALVAGE
AND TOWING INC.; RICHARD DEGENHART; and
BAROUH EATON ALLEN CORP.,

               Defendants.
```
-----------------------------------------------------------------------------X
```
ALAN EIDLER, et al.,

               Third-Party Plaintiffs,

     -against-

ADCHEM CORP., et al.,

               Third-Party Defendants,
```
-----------------------------------------------------------------------------X
```
FEUERSTEIN, J.

Pending before the Court are the objections of plaintiffs State of New York and

Alexander B. Grannis, as Commissioner of the New York State Department of Environmental

Conservation (collectively, "the State plaintiffs"), to the Report and Recommendation of former

United States Magistrate Judge Michael L. Orenstein dated September 24, 2010 ("the Report"),

recommending, *inter alia*, that the motions of (1) defendants Next Millennium Realty, LLC, 101

Frost Street Associates, L.P., 101 Frost Street Corporation, Alan Eidler, Pamela Spiegel Sanders

and Lise Spiegel Wilks, as co-executors of the Last Wills and Testaments of, and as duly

authorized administrators of the Estates of, defendants Emily Spiegel and Jerry Spiegel,

deceased, (collectively, "the Next Millennium defendants"), and (2) defendants Grand Machinery

Exchange, Inc., i/s/h as Grand Machinery Inc., Paul Merandi ("Merandi") and 2632 Realty

Development Corporation (collectively, "the Grand Machinery defendants"), seeking summary

judgment dismissing the State plaintiffs' federal claims against them[1] be granted, that the State

---

[1] Defendants Barouh Eaton Allen Corp. ("BEAC"); Sulzer Metco (US) Inc. ("SMI"); Utility Manufacturing Co., Inc., Nest Equities, Inc., Audie Kranz and Wilbur Kranz (collectively, "the Utility defendants"); Tishcon Corp., a/k/a Tishcon Corporation, Kamal Chopra and Joe Elbaz (collectively, "the Tishcon defendants"); IMC Eastern Corporation, f/k/a IMC Magnetics Corp. and NMB (USA) Inc. (collectively, "the IMC defendants"); Island Transportation Corporation ("ITC"); C&O Realty Co. and William Gross (collectively, "the C&O defendants"); and Atlas Graphics Inc., H.D.P. Printing Industries Corp. and Richard Degenhart (collectively, "the Atlas defendants") joined in the Next Millennium defendants' and Grand Machinery defendants' motions for summary judgment. Moreover, defendants Arkwin Industries, Inc., William Maglio and Frank Jacobson, as co-executors of the Last Will and Testament of, and as duly authorized administrators of, the Estate of Daniel Berlin, deceased, and Thomas Molloy, i/s/h Thomas Malloy (collectively, "the Arkwin defendants"), advised the Court that they intended to file motions for summary judgment dismissing the State plaintiffs' claims against them, but have deferred doing so as a result of procedural issues that have arisen in this case. Accordingly, the Court deems the Arkwin defendants to have also joined in the Next Millennium defendants' and Grand Machinery defendants' motions for summary judgment. The only remaining defendant that has appeared in this action, Equity Share I Associates, has not joined in the motions for summary judgment. The Clerk of the Court has entered the defaults of the remaining three (3) defendants in the action commenced by the State plaintiffs, i.e., Scibelli Brothers Auto Collision Inc., f/k/a Scibelli Brothers, Inc., a/k/a Scibelli Automotive, Inc., Joseph

3

plaintiffs' federal claims against all answering defendants in the action entitled State of New York, et ano. v. Next Millennium Realty, LLC, et al., No. 06-cv-1133 ("the State action"), be dismissed in their entirety with prejudice and that I decline to exercise supplemental jurisdiction over any remaining state law claims in the State action.  For the reasons stated herein, the State plaintiffs' objections are overruled and the Report is accepted in its entirety.

I.      Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties.  Fed. R. Civ. P. 72(b).  Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*.  28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).  The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.  See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).  To accept the report and recommendation of a magistrate judge on a dispositive matter, to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record.  See, Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed.Appx. 374 (2d Cir. 2005).  Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

---

Scibelli and Sam-Ton Salvage and Towing Inc.  However, the State plaintiffs have not yet moved for default judgments to be entered against those defendants.

4

II.    State Plaintiffs' Objections

The State plaintiffs contend that Magistrate Judge Orenstein erred, *inter alia*, in finding that the construction of the granulated activated carbon ("GAC") treatment system and the Packed Tower Aeration System (" the air stripping tower") on the contaminated site triggered the statute of limitations applicable to remedial actions commenced under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended by the Superfund Amendments and Reauthorization Act of 1980, as amended by the Superfund Amendments and Reauthorization Act of 1986, 42 U.S.C. §§ 9601, *et seq.,* ("CERCLA"), because that conclusion (a) is based on the determination that both systems were remedial, rather than removal, in nature, (b) erroneously imputes the construction of the GAC treatment system and air stripping tower to the State and (3) improperly resolves a question of fact regarding the commencement date of the physical on-site construction of the air stripping tower.

Upon *de novo* review of the Report and motion papers, and consideration of the State plaintiffs' objections, the Report is accepted in its entirety. Contrary to the State plaintiffs' contention, Magistrate Judge Orenstein, *inter alia*, properly characterized the on-site construction of the GAC treatment system and air stripping tower as remedial, rather than removal, measures. See, e.g. United States v. Washington State Department of Transportation, No. C05-5447, 2007 WL 445972, at * 19-20 (W.D. Wash. Feb. 7, 2007) (finding that the on-site installation of two (2) air strippers was improperly characterized as a removal, rather than remedial, action). The State plaintiffs' remaining contentions are likewise rejected as without merit.

III.   State Law Claims

Since all federal claims against the answering defendants in the State action are dismissed

5

in accordance with the Report and this Order, the branch of the Report recommending that I decline to exercise supplemental jurisdiction over the State plaintiffs' state law claims is accepted and the State plaintiffs' state law claims against the answering defendants are dismissed without prejudice pursuant to 28 U.S.C. § 1367.[2]

## IV.   CONCLUSION

Upon *de novo* review of the Report and all motion papers, and consideration of the State plaintiffs' objections, the Report is accepted in its entirety. The Next Millennium defendants' and Grand Machinery defendants' motions for summary judgment are granted[3], the State plaintiffs' federal claims against the answering defendants are dismissed in their entirety with prejudice as time-barred, and the State plaintiffs' state law claims against the answering

---

[2] In light of the dismissal of all of the State plaintiffs' claims against the answering defendants in the State action, the defendants' and third-party plaintiffs' respective counterclaims, cross-claims and third-party claims seeking contribution and indemnification against the answering defendants are likewise dismissed without prejudice to recommencement in any subsequently commenced state law action. Moreover, since the State action is dismissed in its entirety, with the exception of the parties' claims against the defaulting defendants, the pending motion of defendants Adchem Corp., Northern State Realty Corp., Lincoln Processing Corp., Northern State Realty Co. and Pufahl Realty Corp. (collectively, "the Adchem defendants") seeking reconsideration of this Court's September 8, 2010 order severing the two (2) above-captioned actions is denied as moot, without prejudice to renewal in the event that the Adchem defendants object to the parties in the State action seeking a default judgment, if any, against the defaulting defendants in the severed State action. **The parties are directed to move for a default judgment against the three (3) defaulting defendants in the State action on or before December 22, 2011, or their claims against the defaulting defendants will be deemed dismissed with prejudice for failure to prosecute.** In the event any party in the State action moves for a default judgment against the defaulting defendants, the hearing in aid of such default judgment will be held at the same time as the status conference previously scheduled before the Court on **February 2, 2012 at 11:15 a.m.**

[3] This order resolves the following: docket entries 452, 499, 551, 552, 553, 563, 591 and 592.

defendants are dismissed in their entirety without prejudice pursuant to 28 U.S.C. § 1367. **The parties in the State action are directed to move for a default judgment against the three (3) defaulting defendants on or before December 22, 2011, or their claims against the defaulting defendants will be deemed dismissed with prejudice for failure to prosecute.** In the event any party so moves for a default judgment in accordance with this Order, the hearing in aid of judgment will be held on **February 2, 2012 at 11:15 a.m.**

SO ORDERED.                          s/Sandra J. Feuerstein

                                     _____
                                     SANDRA J. FEUERSTEIN
                                     United States District Judge

Dated: November 22, 2011
       Central Islip, New York

7