UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 30 2015 ★

LONG ISLAND OFFICE

---------------------------------- x
STATE OF NEW YORK, and JOSEPH  :
MARTENS, as COMMISSIONER OF NEW :
YORK STATE DEPARTMENT OF :
ENVIRONMENTAL CONSERVATION, :       06-CV-1133
 :                                  (SJF)(AYS)
          Plaintiffs, :
 :                                  **SECOND**
vs. :                               **SUPPLEMENTAL**
 :                                  **CONSENT DECREE**
NEXT MILLENNIUM REALTY, LLC, :
et al., :
 :
          Defendants. :
 :
---------------------------------- x

Plaintiffs, the State of New York and Joseph Martens, the Commissioner of the New York State Department of Environmental Conservation ("DEC") (collectively, the "State") agree as follows with the following parties:

- Defendants Utility Manufacturing Co., Inc., Nest Equities, Inc., Audie Kranz, and Wilbur Kranz (the "Utility Defendants");

**WHEREAS**, on March 13, 2006, the State commenced this action (the "State Action") pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), and New York's common law of public nuisance, restitution, and indemnification seeking to recover response costs that have been and will be incurred by the State in responding to the alleged release or threatened release of hazardous substances from the New Cassel Industrial Area ("NCIA"), and for injury to natural resources resulting from those releases;

1

**WHEREAS**, on May 20, 2008, the State alleged in its Second Amended Complaint (the "Complaint") that the Utility Defendants are acting and have acted as "operators," within the meaning of CERCLA § 101(20)(A)(ii), 42 U.S.C. § 9601(20)(A)(ii), and/or are "owners," within the meaning of CERCLA § 101(20)(A)(ii), 42 U.S.C. § 9601(20)(A)(ii), and are potentially jointly and severally liable pursuant to CERCLA §§ 107(a)(2) and 113(g)(2), 42 U.S.C. §§ 9607(a)(2), 9613(g)(2), for all response costs incurred, and to be incurred, by the State in responding to releases of hazardous substances in and migrating from the NCIA, including Operable Units 1 and 2 ("OU 1 and OU 2"), comprised of contaminated soil and/or groundwater in the NCIA, and Operable Unit 3 ("OU 3"), comprised of contaminated groundwater downgradient from the NCIA;

**WHEREAS**, the State alleged that the Utility Defendants have liability as owners and/or operators under CERCLA and released hazardous substances at property located at 700-712 Main Street, Westbury, New York (Site No. 1-30-043H on the New York State Registry of Inactive Hazardous Waste Disposal Sites ("Registry") (the "Utility Site");

**WHEREAS**, the State alleged in the Complaint that it has incurred response costs with regard to the NCIA not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan (40 C.F.R. Part 300) (the "NCP"), and alleged that it will continue to incur costs in connection with its response actions at the NCIA;

**WHEREAS**, in July and August 2014, the State entered into a proposed Consent Decree (the "Decree") with a group of defendants and third-party defendants in this action;

2

WHEREAS, on August 22, 2014, the State served the Decree, Notice of Motion, and Memorandum of Law in Support of New York's Motions to Approve the Consent Decree and Sever and exhibits thereto on the parties to this action and notified the Court that it had done so (ECF No. 352);

WHEREAS, during the pendency of this case, and without any admission of liability, the State and the Utility Defendants engaged in settlement discussions regarding reimbursement of the State for its response costs and the State's claim for injury to natural resources;

WHEREAS, the State and the Utility Defendants (collectively, the "Parties") desire to enter into this Supplemental Decree in order to fully and finally resolve all claims that have been, and could now or hereafter be asserted by the Parties with respect to the Matters Addressed as defined below without the necessity or further expense of prolonged and complex litigation, and without admission of liability, adjudication or determination of any issue of fact or law, and the State has determined that settlement of its claims against the Utility Defendants in accordance with the terms set forth below is practicable and in the best interest of the public;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:**

1. Paragraphs 1, 3-6, 8, 22-23, 25, and 27-32 of the Decree are incorporated by reference. All references to the Settling Defendants in those paragraphs shall include the Utility Defendants, and all references to the Decree in those paragraphs shall include this Supplemental Decree.

2. "Matters Addressed," as that term is used in this Supplemental Decree, is defined to include claims that were, or could now or hereafter be, asserted by the State

against the Utility Defendants arising out of or in connection with the disposal, release, and/or threat of release of hazardous substances at or from the NCIA and/or at or from the sites alleged to have been owned or operated by the Utility Defendants, including but not limited to any and all injuries to natural resources. "Matters Addressed" does not include the State's claims for costs (except against Audie Kranz and Wilbur Kranz)[1] that may be incurred by the State in the future to the extent that the United States seeks costs from the State for, or the State incurs costs for maintenance of, response actions undertaken by the United States arising out of or in connection with the disposal, release, and/or threat of release of hazardous substances at or from the NCIA and/or at or from the sites alleged to have been owned or operated by the Utility Defendants under CERCLA § 104(c)(3), 42 U.S.C. § 9604(c)(3) and applicable federal regulations and guidance documents..

3. Nothing in this Decree shall constitute evidence that costs or natural resource damages are or are not divisible, or can or cannot be apportioned among the Defendants.

4. The Utility Defendants shall pay the total amount of $700,000 to the State as follows: (1) an initial payment of $140,000 within thirty (30) days of the Effective Date of this Supplemental Decree as defined below; (2) quarterly payments of $51,000 beginning ninety (90) days after the Initial Payment and continuing every ninety (90) days thereafter until ten such payments are made; (3) a final payment of $50,000 ninety

---

[1] Specifically, recovery for the State's claims for costs that may be incurred in the future to the extent the United States seeks costs from the State or the State incurs future costs as detailed in this paragraph 2, shall not be sought or collected from Audie Kranz and/or Wilbur Kranz.

4

(90) days after the last such quarterly payment. Payment in full of $700,000 will constitute full satisfaction of the Utility Defendants' obligations pursuant to this Supplemental Decree.

5. The payments to the State by the Utility Defendants shall be allotted as follows: $310,000 in OU 3 past costs; $165,000 in natural resource damages; and $225,000 in past OU1 and/or OU2 costs for the Utility Site.

6. Each payment shall be remitted by electronic funds transfer to:

| | |
|---|---|
| Financial Institution: | M&T Bank, Buffalo, New York |
| Routing No.: | To be provided to defendants under separate cover |
| Account Name: | State of NY DEC Revenue Account |
| Account No.: | To be provided to defendants under separate cover |
| Site Identifier: | Utility Site |
| Contact at M&T Bank: | Michael Whalen at 518- 426-6373 |
| Contact at DEC: | Robert Schwank at 518- 402-9365 |

7. Additional Settling Defendants Audie Kranz and Wilbur Kranz acknowledge and agree that this Supplemental Decree shall be binding upon their estates, should they pre-decease the performance of their obligations in this Supplemental Decree.

8. Each of the Utility Defendants releases and covenants not to sue, execute judgment, or take any civil, judicial or administrative action under any federal, state, local or common law against the State, or its employees or departments, or to seek against the State any costs, damages, contribution or attorneys' fees arising out of any of the Matters Addressed in this Supplemental Decree, including discovery proceedings in connection with the Matters Addressed; provided, however, that if the State, pursuant to the Reopener, asserts a claim or commences or continues a cause of action against any of

the Utility Defendants with respect to the Utility Site and/or NCIA, other than to enforce the obligations contained in this Supplemental Decree, this Paragraph 9 shall not preclude the assertion by such Utility Defendant of any claims, counterclaims, defenses, or other causes of action against the State. Notwithstanding the foregoing, any of the Utility Defendants may assert any claims or causes of action against any person other than the State, to the extent permitted by law, for any costs, damages, contribution or attorney's fees arising out of any of the Matters Addressed in this Supplemental Decree.

9. Any notification to the State and/or the UtilityDefendants shall be in writing or by electronic mail and shall be deemed properly given if sent to the following:

> **As to Utility Defendants**
> Miriam E. Villani, Esq.
> Sahn Ward Coschignano & Baker, PLLC
> 333 Earle Ovington Blvd, Suite 601
> Uniondale, NY 11553
> mvillani@swcblaw.com

Notification solely of the payments made pursuant to Paragraphs 3-4 above also shall be sent via electronic mail by the Utility Defendants to:

> Dorcey Bennett
> New York State Office of the Attorney General
> Budget and Fiscal Management Bureau
> Revenues& Restitutions Unit
> State Capitol, Albany, New York 12224
> Dorcey.Bennett@ag.ny.gov
>
> and
>
> Laura Zeppetelli
> Director
> Bureau of Program Management
> Division of Environmental Remediation
> New York State Department of Environmental Conservation
> 625 Broadway, 12th Floor
> Albany, New York 12233-7012
> laura.zeppetelli@dec.ny.gov

11. The Parties' claims, counterclaims, cross-claims, and third-party claims asserted in the State Action that are within the scope of the Matters Addressed are hereby dismissed with prejudice.

12. This Supplemental Decree constitutes the complete agreement of the Parties. This Supplemental Decree may not be amended, modified, supplemented, or otherwise changed without the written consent of both the State and the UtilityDefendants, and approval of the District Court. This Supplemental Decree may be signed in counterparts.

13. This Supplemental Decree shall be effective upon the date that it is entered by the Court. All times for performance of activities under this Supplemental Decree shall be calculated from that date.

STATE OF NEW YORK and JOSEPH
MARTENS, COMMISSIONER OF THE
NEW YORK STATE DEPARTMENT OF
ENVIRONMENTAL CONSERVATION

Dated: 1/7/15

By: *[signature]*
Name: Edward F. McTiernan
Title: Deputy Commissioner
& General Counsel

**The Second Supplemental Consent Decree does not have pages 9-12.**

|  | UTILITY MANUFACTURING CO., INC. |
|---|---|
| Dated: __1/7__, 2015<br>Jericho, New York | By: _____ [signature]<br>_____, its authorized signatory |

Dated: __1/7__, 2015    By: _____
Jericho, New York                    , its authorized signatory

**NEST EQUITIES, INC**

14

Dated: __1/7__, 2015  
Jericho, New York

_AUDIE KRANZ_ (signature)

Dated: 1/7, 2015  
Jericho, New York

/s/ WILBUR KRANZ

**JUDGMENT ENTERED**

JUL 3 0 2015
---
Date

<u>DOUGLAS C. PALMER</u>
Clerk of Court

<u>By: /s/ Catherine Vukovich</u>
Deputy Clerk

16